## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ACURA PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: |
| SANDOZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Acura Pharmaceuticals, Inc. ("Acura") files this Complaint for patent infringement against Sandoz, Inc. ("Sandoz") under 35 U.S.C. § 271(e)(2). This patent action concerns the pharmaceutical drug product Oxecta®. Plaintiff, Acura, hereby states as follows:

### JURISDICTION AND PARTIES

1.      Plaintiff Acura is a New York corporation that has its corporate offices and principal place of business at 616 N. North Court, Suite 120, Palatine, Illinois 60067. Acura is engaged in the business of research, development, and manufacture of pharmaceutical products in the United States. Acura is the current owner of United States Patent No. 7,510,726 ("the '726 patent").

2.      On information and belief, Sandoz is a corporation organized and existing under the laws of the State of Colorado, having its principal place of business at 506 Carnegie Center, Suite 400, Princeton, NJ 08540. On information and belief, Sandoz is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of New Jersey and throughout the United States.

3.     Personal jurisdiction over Sandoz is proper because, on information and belief, of the location of its principal place of business in New Jersey, and its regular marketing and sales activities in New Jersey, including the substantial, continuous, and systematic distribution and sales of generic drug products to residents of New Jersey. For example, on information and belief, Sandoz is licensed to do business with the New Jersey Department of Health as a "Manufacturer and Wholesaler" of pharmaceuticals in the State of New Jersey, registration No. 5003732. It purposefully avails itself of the privilege of selling generic products in New Jersey and can therefore reasonably expect to be subject to jurisdiction in Courts in New Jersey.

4.     On information and belief, Sandoz has previously availed itself of this forum for the purposes of litigating its patent disputes by, *inter alia*, filing a complaint for declaratory judgment in *Sandoz, Inc. v. Eli Lilly and Co.*, Civil Action No. 2:07-cv-04100-DMC-MF (Aug. 27, 2007) and admitting or submitting to the jurisdiction of this Court and asserting counterclaims in other patent infringement actions initiated in this jurisdiction: *United Therapeutics Corp. v. Sandoz, Inc.*, Civil Action No. 3:12-cv-01617-PGS-LHG (May 4, 2012); *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, Civil Action No. 3:12-cv-03289-PGS-LHG (Aug. 29, 2012); *Hospira, Inc. v. Sandoz Int'l GmbH*, Civil Action No. 3:09-cv-04591-MLC-TJB (Sept. 4, 2009).

5.     This patent infringement action arises under the United States Patent Laws, Title 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271(e)(2). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

-2-

**COUNT I FOR PATENT INFRINGEMENT**
**(Infringement of the '726 Patent Under 35 U.S.C. § 271(e)(2))**

6.     Acura realleges and incorporates by reference paragraphs 1-5.

7.     The '726 patent, entitled "Methods and Compositions for Deterring Abuse of Opioid Containing Dosage Forms," was duly and legally issued to Acura by the United States Patent and Trademark Office ("USPTO") on March 31, 2009.  The patent claims, *inter alia*, abuse deterrent dosage forms of oxycodone.  The '726 patent expires on March 16, 2025.  This expiration date results from a terminal disclaimer corresponding to the expiration date of U.S. Patent No. 7,201,920, granted by the USPTO pursuant to 35 U.S.C. § 253.  A true and correct copy of the '726 patent is attached as Exhibit A.  A true and correct copy of the terminal disclaimer is attached as Exhibit B.  Since its date of issue, Acura has been, and continues to be, the owner of the '726 patent.

8.     On June 17, 2011, the United States Food and Drug Administration ("FDA") approved New Drug Application ("NDA") No. 20-2080 for the use of Oxecta® for the management of acute and chronic moderate to severe pain where the use of an opioid analgesic is appropriate.  The Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") lists the '726 patent for NDA No. 20-2080.

9.     On information and belief, Sandoz filed or caused to be filed with the FDA ANDA No. 20-4155 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of oxycodone hydrochloride tablets, 5 mg and 7.5 mg ("Sandoz's Oxycodone HCl Tablets"), in the United States before the expiration of the '726 patent.

10.     On information and belief, ANDA No. 20-4155 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification"), alleging that the claims of the '726 patent are either invalid or will not be infringed by Sandoz's Oxycodone HCl Tablets.

11.     Sandoz sent or caused to be sent to Acura a letter ("Sandoz's Notice Letter") dated October 1, 2012, notifying Acura that Sandoz filed ANDA No. 20-4155 and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). Sandoz's Notice Letter alleges noninfringement of all valid and enforceable claims of the '726 patent. Although required to provide specific allegations of invalidity, Sandoz failed to do so and instead generically stated that the '726 patent is invalid.

12.     Under 35 U.S.C. § 271(e)(2)(A), Sandoz's submissions of ANDA No. 20-4155 to the FDA to obtain approval for the commercial manufacture, use, or sale of Sandoz's Oxycodone HCl Tablets in the United States before the expiration date of the '726 patent constitutes an act of infringement. If ANDA No. 20-4155 is approved by the FDA, Sandoz's commercial manufacture, use, sale, or offer to sell in, or importation into the United States of its Oxycodone HCl Tablets would infringe, either literally or under the doctrine of equivalents, one or more claims of the '726 patent under 35 U.S.C. § 271.

13.     On information and belief, Sandoz has knowledge of the '726 patent and has filed ANDA No. 20-4155 seeking authorization to commercially manufacture, use, offer for sale, and sell Sandoz's Oxycodone HCl Tablets in the United States. On information and belief, Sandoz knows and intends that physicians, health care providers, and/or patients will use Sandoz's Oxycodone HCl Tablets in accordance with the indications sought by Sandoz, and will therefore

-4-

infringe, either literally or under the doctrine of equivalents, one or more claims of the '726 patent under 35 U.S.C. § 271(b).

14.     Acura will be substantially and irreparably harmed by Sandoz's infringing activities unless those activities are enjoined by this Court.  Acura has no adequate remedy at law.

## COUNT II FOR DECLARATORY JUDGMENT
### (Declaratory Judgment of Patent Infringement of the
### '726 Patent Under 35 U.S.C. § 271(a) and/or (b))

15.     Acura realleges and incorporates by reference paragraphs 1-14.

16.     This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271(a) and (b), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

17.     On information and belief, Sandoz filed or caused to be filed with the FDA ANDA No. 20-4155 under 21 U.S.C. § 355(j) to obtain approval for the commercial manufacture, use, and sale of Sandoz's Oxycodone HCl Tablets in the United States before the expiration of the '726 patent.

18.     On information and belief, if the FDA approves ANDA No. 20-4155, Sandoz and/or its agents plan to begin marketing, selling, and offering to sell Sandoz's Oxycodone HCl Tablets in the United States immediately or soon after receiving FDA approval for the indication(s) sought in ANDA No. 20-4155.  Such conduct will constitute infringement, either literally or under the doctrine of equivalents, of one or more claims of the '726 patent under 35 U.S.C. § 271(a) and/or (b).

19.    On information and belief, Sandoz has knowledge of the '726 patent and has filed ANDA No. 20-4155 seeking authorization to commercially manufacture, use, offer for sale, and sell Sandoz's Oxycodone HCl Tablets in the United States.  On information and belief, Sandoz knows and intends that physicians, health care providers, and/or patients will use Sandoz's Oxycodone HCl Tablets in accordance with the indications sought by Sandoz, and will therefore infringe, either literally or under the doctrine of equivalents, one or more claims of the '726 patent under 35 U.S.C. § 271(b).

20.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Acura and Sandoz as to liability for the infringement of the '726 patent.  Sandoz's actions have created in Acura a reasonable apprehension of irreparable harm and loss resulting from Sandoz's threatened imminent actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Acura respectfully requests that this Court enter judgment in its favor as follows:

a)    declare that United States Patent No. 7,510,726 is valid and enforceable;

b)    declare that, under 35 U.S.C. § 271(e)(2)(A), Sandoz infringed the '726 patent by submitting ANDA No. 20-4155 to the FDA to obtain approval to commercially manufacture, use, offer for sale, sell, or import into the United States Sandoz's Oxycodone HCl Tablets prior to the expiration of said patent;

c)    declare that Sandoz's commercial manufacture, use, offer for sale, or sale in, or importation into the United States of Sandoz's Oxycodone HCl Tablets prior to the expiration of the '726 patent would constitute infringement of said patent under 35 U.S.C. § 271(a) and/or (b) as set forth above and in violation of Acura's patent rights;

-6-

d)      order that the effective date of any FDA approval of Sandoz's Oxycodone HCl Tablets shall be no earlier than the expiration date of the '726 patent and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

e)      enjoin Sandoz, and all persons acting in concert with Sandoz, from seeking, obtaining, or maintaining approval of ANDA No. 20-4155 until the expiration of the '726 patent;

f)      enjoin Sandoz, and all persons acting in concert with Sandoz, from commercially manufacturing, using, offering for sale, or selling Sandoz's Oxycodone HCl Tablets within the United States, or importing Sandoz's Oxycodone HCl Tablets into the United States, until the expiration of the '726 patent, in accordance with 35 U.S.C. § 271(e)(4)(B); and

g)      grant Acura such further and additional relief that this Court deems just and proper.

Respectfully submitted,

Dated: November 1, 2012      By:    <u>s/ John F. Brenner</u>
                                          John F. Brenner
                                        Pepper Hamilton LLP
                                        Suite 400
                                        301 Carnegie Center
                                        Princeton, NJ 08543
                                        (609) 452-0808

                                        ***Attorneys for Plaintiff,***
                                        **ACURA PHARMACEUTICALS, INC.**

OF COUNSEL:

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

-7-

Howard W. Levine
Sanya Sukduang
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

#17040332 v1 (999931.2001)